JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DAVID KROLL,

           Plaintiff,

v.

MCNICKLES,

           Defendant.

Case No. 2:19-cv-08359-JVS (SHK)

**ORDER DENYING REQUST TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION FOR FAILURE TO PROSECUTE**

## I. BACKGROUND AND SUMMARY OF ORDER

On September 27, 2019, the Court received Plaintiff David Kroll's ("Plaintiff"), civil rights Complaint under 42 U.S.C. § 1983 ("Complaint" or "Compl."). Electronic Case Filing Number ("ECF No.") 1, Compl. Plaintiff, proceeding pro se, requested to proceed in forma pauperis ("IFP Request"). ECF No. 2, IFP Request. In Plaintiff's IFP Request, he used the inmate IFP form and attached a certified copy of his prison trust account and an authorization for disbursement of funds, but Plaintiff also listed a personal mailing address. See id.; ECF No. 1, Compl. at 1-2. Thus, Plaintiff's custodial status was unclear because the content of Plaintiff's IRP request suggested that Plaintiff was an inmate, while Plaintiff's listed address was not that of an incarcerated person. The Court, therefore, conducted an internet search to confirm Plaintiff's custodial status, and

the results yielded no records matching that criteria that showed Plaintiff is in custody.

Because Plaintiff's custodial status was unclear, the Court issued a Minute Order on October 2, 2019, requiring Plaintiff, within thirty days, to either: (1) inform the Court that his previously-submitted information did not change (in other words, affirm that he is still incarcerated); (2) submit a new IFP request using the Court's CV-60 Form for non-prisoners if Plaintiff's custody status changed; or (3) pay the full $400.00 filing fee ("Order re IFP Request"). ECF No. 4, Order re IFP Request at 2. The Court cautioned that "failure to keep the Court appraised of any change of address or to timely submit his updated information will result in" a recommendation that the Court deny Plaintiff's IFP Request and dismiss the action, without prejudice, for failure to prosecute and follow Court Orders. Id. Plaintiff did not respond.

On December 4, 2019, the Court issued another Order to Show Cause ("OSC") why the case should not be dismissed for failure to prosecute and provide the Court with further information as previously ordered. ECF No. 5, OSC. In it, the Court ordered Plaintiff to either: (1) pay the full $400.00 filing fee; (2) submit a new IFP request if Plaintiff is not in custody; or (3) show cause, in writing, why Plaintiff is unable to do so. Id. The Court provided Plaintiff thirty days—until January 3, 2020—to comply with Court orders and to participate in the litigation. Id. The Court again cautioned Plaintiff that failure to timely comply with the OSC may result in denial of his IFP Request and "will result in the Magistrate Judge recommending that the matter be dismissed for failure to prosecute." Id.

As of January 15, 2020, Plaintiff has not filed any response. Considering Plaintiff's failure to prosecute this matter diligently and follow Court orders as discussed more fully below, the Court **DENIES** Plaintiff's IFP Request and **DISMISSES** Plaintiff's action, without prejudice, under Federal Rule of Civil Procedure 41(b) and Local Rule ("L.R.") 41-1.

2

## II. DISCUSSION

### A. **Plaintiff's Action Is Dismissed For Failure To Prosecute And Follow Court Orders.**

#### 1. Applicable Law

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "A dismissal for lack of prosecution must be supported by a showing of unreasonable delay." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). It is well-settled, however, that the Court has the "inherent power" to dismiss an action under Rule 41(b) due to a plaintiff's failure to prosecute or comply with a court order. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (citation omitted); Henderson, 779 F.2d at 1425. Similarly, the Local Rules of the Central District of California permit courts to dismiss civil suits "which have been pending for an unreasonable period of time without any action[.]" L.R. 41-1.

In deciding whether to dismiss for failure to prosecute or to comply with a Court order, the Court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423 (citing Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)).

#### 2. Analysis

Here, four of the five factors weigh in favor of dismissal. The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Plaintiff's failure to file response to either of the Court's Orders, ECF Nos. 4-5, hinders the complete development of the record and affects Plaintiff's ability to properly pursue this case. The Court has granted Plaintiff multiple opportunities, and several additional

months, to file a response, yet Plaintiff has failed to do so. Accordingly, litigation of this matter, and this Court's management of its docket, has been, and will continue to be, delayed. See Ash, 739 F.2d at 496 (a district court is in the best position "to determine what period of delay can be endured before its docket becomes unmanageable" and "to decide when delay in a particular case interferes with docket management and the public interest.").

The third factor—prejudice to Defendant—does not weigh in favor of dismissal. Generally, there is a rebuttable presumption of injury upon the defendant when the plaintiff unreasonably delays his or her prosecution of an action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). However, here, Defendant McNickles has not yet been served because the Court is at the screening stage (i.e., before service on Defendants). Consequently, Defendant has not been prejudiced. Nevertheless, the other factors combine to weigh in favor of dismissal. Id. ("[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant[.]" (citation omitted)).

The fourth factor—public policy favoring deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move his action toward a disposition at a reasonable pace, while avoiding dilatory and evasive tactics. Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not fulfilled his responsibility of timely responding to Court orders and, consequently, has prevented the progression of this action toward resolution. Under such circumstances, the policy which favors resolution on the merits does not outweigh Plaintiff's failure to prosecute or obey this Court's orders. See id.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. Although dismissal may appear to be a drastic sanction, the Court cannot dispose of Plaintiff's action without his compliance with the Court's orders. Plaintiff's noncompliance with the Court's Orders and the Local Rules compels a

4

conclusion that Plaintiff is unwilling to continue prosecuting this action. Nonetheless, the Court dismisses this case without prejudice to afford Plaintiff another opportunity to properly pursue his legal claim at a later time should he choose to do so then. Consequently, no less drastic sanctions are available here.

Accordingly, because the factors weigh in favor of dismissal and demonstrate an unreasonable delay, this action is dismissed for failure to prosecute this action.

### III. ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's IFP Request be **DENIED** and this action be **DISMISSED**, without prejudice.

Dated: January 17, 2020

HONORABLE JAMES V. SELNA
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge